IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LARRY DEAN COLEMAN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR ORDER CLARIFYING FEDERAL CUSTODY<br><br><br>Case No. 2:02-CR-173 TS |

On January 24, 2006, Defendant filed a Motion seeking an order clarifying his federal custody status. Defendant seeks an order stating that he was in federal custody from April 29, 2002, the date he was indicted, until July 22, 2003, the date he was sentenced. Defendant seeks this order so that the Bureau of Prisons ("BOP") will give him credit for the time he was in federal custody. The government has responded to Defendant's Motion, stating that Defendant is entitled to credit for the time he spent in federal custody from April 29, 2002, until December 5, 2002—224 days. The government argues, however, that on December 5, 2002, Defendant chose to return to state custody. As a result, the government argues that Coleman should not receive federal credit from December 5, 2002, until July 22, 2003. For the reasons discussed below, the

1

Court will grant Defendant's motion, in part, clarifying that he is entitled to 224 days credit for the time he spent in federal custody.

Defendant was arraigned in the above-entitled case on April 29, 2002. At his arraignment, Magistrate Judge Boyce ordered that Defendant remain in federal custody. On December 5, 2002, Defendant appeared before Magistrate Judge Alba and requested that he be returned to state custody. Defendant reviewed and executed a Waiver of Rights Under Interstate Agreement on Detainers. Part of the agreement stated that time spend in state custody would not count against his federal custody. Based on Defendant's request, he was returned to state custody. Defendant plead guilty in this matter on March 20, 2003, and was sentenced on July 22, 2003, where he was sentenced to a term of 84 months.

Based on the above, the Court finds that Defendant should receive federal credit for the time spent in federal custody between April 29, 2002, and December 5, 2002—a total of 224 days. Defendant should not receive federal credit for the period between December 5, 2002, and July 22, 2003, when he was in state custody. Therefore, Defendant owes the federal BOP 84 months minus 224 days, beginning on July 22, 2003.

It is therefore

ORDERED that Defendant's Motion for Order Clarifying Federal Custody Status (Docket No. 64) is GRANTED.

DATED   April 10, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge